# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| REBECCA R. GREENE,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>Defendant. | CV 15-53-GF-BMM<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Rebecca R. Greene (Greene) initiated this action to obtain judicial review of the final decision of the Acting Commissioner of Social Security (Commissioner), denying her application for disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383.

## JURISDICTION

The Court has jurisdiction under 42 U.S.C. § 405(g). Venue is proper because Greene resides in Pondera County, Montana. 28 U.S.C. § 1391(e)(1); L.R. 1.2(c)(3).

# **PROCEDURAL BACKGROUND**

An administrative law judge (ALJ) determined on February 6, 2014, that Greene did not qualify for disability benefits under Title II or Title XVI of the Social Security Act. (Tr. 12-22). The ALJ concluded that Greene was not disabled because she was capable of performing work that exists in significant numbers in the national economy, despite her severe impairments from diabetes mellitus and a lumbar back disorder. Greene requested that the Social Security Administration (Administration) review the ALJ's decision. (Tr. 7). The Administration denied Greene's request for review on May 12, 2015. The Administration's denial made the ALJ's decision the final decision of the Commissioner of Social Security (Commissioner). (Tr. 1-4).

Greene instituted the present action on July 13, 2015. (Doc. 2). The Court referred the case to United States Magistrate Judge John Johnston for findings and recommendations. Judge Johnston entered his findings and recommendation on April 5, 2016. (Doc. 20). Judge Johnston concluded that the Commissioner's decision should be affirmed because it was supported by substantial evidence and was not based on legal error. (Doc. 20 at 7). Judge Johnston recommended that this Court deny Greene's motion for summary judgment and enter judgment in favor of the Commissioner. (Doc. 20 at 20-21). No objections were filed.

# STANDARD OF REVIEW

The Court reviews for clear error findings and recommendations to which no objections are filed. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

# DISCUSSION

Greene argued that the Commissioner's decision should be reversed and the case remanded for payment of benefits because: 1) the ALJ did not give proper weight to her treating physician's opinion that her impairments precluded her from working; 2) the ALJ erred in determining that Greene's symptom testimony was less than credible; 3) the ALJ did not properly consider the testimony of her mother and six statements of lay witnesses; 4) the ALJ erred by failing to address the severity of her chronic obstructive pulmonary disease (COPD) when assessing her residual functional capacity; and 5) the ALJ's hypothetical to the vocational expert was erroneous because it did not include all of her limitations. (Doc. 16 at 2-3).

### A. Treating Physician's Opinion

Greene's treating physician Dr. Marler opined that Greene's limitations prevented her from working. The ALJ gave "little weight" to Dr. Marler's opinion because the opinion was not supported by the objective medical evidence, and the

opinion was not supported by Greene's stated limitations or Greene's testimony. The ALJ provided specific and legitimate reasons for discounting Dr. Marler's opinion. The ALJ did not err in giving Dr. Marler's opinion little weight.

### B. Greene's Symptom Testimony

The ALJ determined that Greene's statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely credible. The ALJ discounted Greene's symptom testimony because her complaints of disabling symptoms and limitations were not consistent with her daily activities, and they were not supported by the objective medical evidence. The ALJ provided specific reasons for discounting Greene's credibility. Substantial evidence in the record supports the ALJ's determination. The ALJ did not err in discounting Greene's symptom testimony.

### C. Testimony of Greene's Mother and Third-Party Statements

Greene provided testimony from her mother and she provided statements from six lay witnesses in support of her claim of disability. Greene argues that the ALJ erred in failing to assign significant weight to her mother's testimony and the six statements. The ALJ discounted this evidence for the following reasons: Greene's mother, friends, and other relatives were not medically trained; Greene's mother, friends and relatives could not be considered disinterested witnesses; and

4

the testimony of Greene's mother and the statements of Greene's friends and relatives were inconsistent with the opinions and observations of the medical providers. The ALJ provided valid, germane reasons for discrediting the testimony of Greene's mother and the six lay witness statements. No legal error occurred.

D.     **The Residual Functional Capacity Assessment**

Greene argues that the ALJ's residual functional capacity assessment was erroneous for the following reasons: the ALJ failed to assess the severity of her COPD; the ALJ failed to consider her COPD in assessing her residual functional capacity; and the residual functional capacity assessment was not supported by the record.

The ALJ was required to assess a claimant's residual functional capacity based upon medical records, physicians' opinions, and the claimant's descriptions of her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a)(3). The ALJ is not required to take into account claimed limitations the ALJ found to be incredible or not supported by the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The ALJ assessed Greene's residual functional capacity consistent with these rules. Substantial evidence supported the ALJ's assessment. No legal error occurred.

### E. The ALJ's Hypothetical to the Vocational Expert

Greene arues that the ALJ's hypothetical to the vocational expert was erroneous because it did not include all of her limitations.

The ALJ may limit a hypothetical to only those limitations supported by substantial evidence in the record. *Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). ALJ's hypothetical in this case included all of the limitations supported by substantial evidence. No legal error occurred.

### CONCLUSION

The Court agrees with Judge Johnston that substantial evidence supports the ALJ's determination. The ALJ's determination was not based on legal error. I find no error in Judge Johnston's Findings and Recommendations and adopt them in full.

### ORDER

1. Plaintiff's Motion for Summary Judgment (Doc. 16) is DENIED.

2. This case is DISMISSED with prejudice.

3. The Clerk is directed to enter judgment in favor of the Defendant.

DATED this 1st day of June, 2016.

Brian Morris
United States District Court Judge